IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
JAMES M. CANDY,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )    Case No. CIV-15-494-KEW
                                   )
NANCY A. BERRYHILL, Acting         )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )
```

**OPINION AND ORDER**

Plaintiff James M. Candy (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on January 16, 1968 and was 46 years old at the time of the ALJ's decision. Claimant completed his education through the ninth grade. He also received training in vehicle air conditioner repair. Claimant has no past relevant work. Claimant alleges an inability to work beginning August 5, 2008 due to limitations resulting from diabetic neuropathy, gum disease, and eye problems.

3

**Procedural History**

On June 29, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") entered an unfavorable decision on July 13, 2012. On September 14, 2013, the Appeals Council reversed the ALJ's decision and remanded the case for further proceedings.

On remand, ALJ Lantz McClain conducted a second administrative hearing by video on January 3, 2014 with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. An unfavorable decision was again entered on March 21, 2014. The Appeals Council denied review of the ALJ's decision on October 28, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) ignoring probative medical evidence related to Claimant's hand and wrist impairments; and (2) reaching an erroneous RFC which was not based on substantial evidence.

**Evaluation of the Medical Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of diabetes mellitus with neuropathy, hypertension, obesity, and bilateral carpal tunnel syndrome. (Tr. 15). The ALJ determined Claimant retained the RFC to perform sedentary work. In so doing, the ALJ found that Claimant could lift/carry 10 pounds occasionally and 10 pounds frequently, stand or walk for six hours for at least two hours, and sit at least six hours in an eight hour workday. However, Claimant must avoid hazards such as heights and open machinery and could no more than frequently use his hands for such repetitive tasks as keyboarding. (Tr. 16).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of circuit board assembler, order clerk, and machine operator, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 20). As a result, the ALJ determined Claimant was not under a disability since June 29, 2010,

the date the application was filed.  Id.

Claimant contends the ALJ selectively discussed evidence in the record which only supported a finding of non-disability while ignoring other evidence.  On December 8, 2010, Dr. Harold Goldman noted that Claimant had symptoms involving numbness of the fourth and fifth fingers in both hands.  Nerve conduction studies disclosed the presence of a sensory ulna neuropathy involving both ulna nerves at the wrist which would indicate involvement of the canal der guilonne with entrapment of both ulna nerves.  Dr. Goldman concluded that this must be related to Claimant's diabetes and previous occupation as a mechanic.  (Tr. 451).  The ALJ only discussed electromyography and nerve conduction study which he found supported the credibility of Claimant's statements that he was unable to hold a glass or squeeze a bottle hard enough to squeeze out its contents.  The remainder of Dr. Goldman's findings were not discussed.  (Tr. 18).

On December 17, 2012, Dr. Douglas Nolan also found Claimant had markedly decreased gross sensory function.  (Tr. 665).  Dr. Nolan also noted Claimant had swelling in his left wrist involving a ganglion cyst.  (Tr. 659).  Claimant also had decreased supination in his right wrist and decreased flexion and extension range of motion in his left wrist.  Dr. Nolan noted uncontrolled diabetic neuropathy in Claimant's hands.  (Tr. 660, 663, 665, 672).

6

The ALJ is not required to discuss every piece of evidence. But it is clear that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted). The ALJ failed to consider probative evidence of significant limitations in his ability to use his hands beyond the limitations set forth in the RFC of only restricting repetitive use. On remand, the ALJ shall consider the totality of the evidence concerning Claimant's hand and wrist impairments and the limitations upon his ability to engage in basic work activity that they impose.

**RFC Determination**

Claimant also contends the ALJ failed to include adequate restrictions in the RFC for his wrist and hand impairments. The medical record clearly indicates Claimant's neuropathy cause problems beyond that set forth in the ALJ's RFC restrictions, including dropping things with his hands due to the neuropathy. (Tr. 542). The ALJ's findings were primarily associated with Claimant's carpal tunnel syndrome rather than the effects of his diabetic neuropathy upon his ability to manipulate objects.

"[R]esidual functional capacity consists of those activities

7

that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id.

In regard to Claimant's hand and wrist impairments, the ALJ failed to adequately consider the evidence surrounding the effects of Claimant's diabetic neuropathy. On remand, he shall consider the medical evidence on this impairment and the effect it has upon Claimant's ability to engage in sedentary work.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is

8

**REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE